UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT CORNAND,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. EFRAIN ESTRADA, JOHN AND JANE DOES 1-10 OF 103RD PCT.,

                Defendants.

**COMPLAINT**

Jury trial demand

ROBERT CORNAND, ("Plaintiff") by his attorney, Vik Pawar, Esq. respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has complied with conditions precedent to filing a lawsuit against the City of New York by timely submitting and filing a Notice of Claim within 90 days and commencing this action within 1 year and 90 days of the incident.

## PARTIES

7. Plaintiff is an elderly man and and a resident of Queens County, New York.

8. Defendants The City of New York is a municipal corporation and Defendant Estrada and John and Jane Does 1-10 are NYPD officers assigned to the 103rd precinct and were acting under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. The individual defendants obtained a search warrant based on fabricated and false information.

10. Defendants executed the search warrant on plaintiff's home inside 89-11 91st street, Queens, New York, on July 17, 2015.

11. Defendants knew that plaintiff was not involved with the sale of drugs or guns.

12. Yet they disregarded this obvious fact and procured a search warrant based on their own fabrication that an individual was using plaintiff's home as a drug den.

13. Plaintiff is an elderly man and was shocked when the warrant was executed an suffered a heart-attack.

14. Plaintiff was then accused of serious crimes even though there was no cause let alone arguable probable cause of the arrest and charges lodged against him.

15. Due to the nature of the false charges lodged against him, plaintiff was remanded without bail.

16. Plaintiff had to engage the services of a lawyer to obtain bail.

17. Plaintiff was eventually released on bail and the charges against him dismissed.

18. Defendants left plaintiff's home unsecured which resulted in items being stolen from plaintiff's home while he was incarcerated.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Search and Seizure -Fourth Amendment)

19. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

20. There was no probable cause for the arrest or the continued incarceration of Plaintiff.

21. Plaintiff was seized without any cause let alone probable cause and was not free to leave.

22. Plaintiff did not consent to be handcuffed or seized and the seizure continued because the defendants did not want to be caught for their misconduct.

23. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and he sustained physical, economic and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

24. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

25. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

26. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

27. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Denial of Right to fair Trial)

28. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

29. Defendants targeted Plaintiff and discriminated against him by falsely accusing him of a crime and arresting him because of his race and color.

30. Defendants' conduct caused plaintiff to suffer false arrest, and the fear that he would lose his security guard license and engage in meaningful livelihood.

31. Defendants' joint and individual conduct deprived plaintiff of the equal protection of the laws because he was targeted because of his color.

32. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

33. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

34. Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

35. Furthermore, defendants failed to properly investigate whether plaintiff was indeed impaired or intoxicated before he was unlawfully seized for more than 19 hours.

36. As a result of defendants' conduct, Plaintiff suffered injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

41. As a result, plaintiff suffered injuries.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45. As a result of the foregoing, Plaintiff was subjected to malicious abuse of process by the defendants which led to him to being dragged, detained, and arrested simply for the defendants to to cover-up their own misdeeds and in so doing

caused plaintiff harm without any excuse or justification.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. The aforementioned conduct was committed by Defendants while acting within the scope and furtherance of their employment by Defendant City.

48. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency, was intentional and for the sole purpose of causing severe emotional distress to Plaintiff and shocks the judicial conscience.

49. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

50. As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of two hundred and fifty thousand dollars for each and every cause of action,

b. Award any statutory damages to the Plaintiff.

c. Award reasonable attorneys fees, cost and expenses,

d. Award punitive damages in an amount to be determined by a jury,

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       September 28, 2016

                                      PAWAR LAW GROUP P.C.
                                      20 Vesey Street, Suite 1210
                                      New York, New York 10007
                                      (212) 571-0805

                                      By:/s_____
                                        Vik Pawar (VP9101)
                                        *Attorneys for Plaintiff*