UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT CORNAND,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. EFRAIN ESTRADA, JOHN AND JANE DOES 1-10 OF 103RD PCT.,

                Defendants.

**FIRST AMENDED COMPLAINT**

16 CV 5518 (FB) (CLP)

Jury trial demand

ROBERT CORNAND, ("Plaintiff") by his attorney, Vik Pawar, Esq. respectfully alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has complied with conditions precedent to filing a lawsuit against the City of New York by timely submitting and filing a Notice of Claim within 90 days and commencing this action within 1 year and 90 days of the incident.

## PARTIES

7. Plaintiff is an elderly man and and a resident of Queens County, New York.

8. Defendants The City of New York is a municipal corporation and Defendant Estrada and John and Jane Does 1-10 are NYPD officers assigned to the 103rd precinct and were acting under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. Plaintiff resides on the first floor of 89-11 91st street, Queens, New York (hereinafter "subject premises") and has lived there for the past 29 years.

10. Plaintiff is a retired oil truck driver, receives social security benefits and spends his days sitting on his porch and talking to his neighbors.

11. Plaintiff rents out the second floor portion of his home to an elderly woman.

12. On July 17, 2015, the individual defendants busted down plaintiff's door in the early hours of the morning and were looking for an individual named "James."

13. Plaintiff informed the defendants that he did not know what the defendants were talking about and they had no right to bust down his front door.

14. Neither plaintiff nor his tenant are drug dealers.

15. Neither plaintiff nor his tenant has been accused of dealing drugs from any place let alone the subject premises.

16. The individual defendants obtained a search warrant based on fabricated, unreliable and false information.

17. Defendants executed the search warrant on the subject premises.

18. Plaintiff is an elderly man and was shocked when the warrant was executed and suffered a heart-attack.

19. Plaintiff was then accused of serious crimes even though there was no cause let alone arguable probable cause of the arrest and charges lodged against him.

20. Plaintiff was charged with one (1) A Felony, one (1) B felony, one (1) C Felony, three (3) D Felonies, one (1) E Felony, and various misdemeanors and violations. Due to the nature of the false but serious charges lodged against him, plaintiff was remanded without bail.

21. Plaintiff had to engage the services of a lawyer to get a writ and obtain bail.

22. Plaintiff was eventually released on bail and the charges against him dismissed.

23. Defendants left plaintiff's home unsecured which resulted in items being stolen from plaintiff's home while he was incarcerated.

24. Plaintiff suffered serious physical and emotional injuries and economic injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Search and Seizure/Excessive Force -Fourth Amendment)

25. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26. Defendants obtained a warrant based on false and unreliable information.

27. Defendants failed to ensure that the subject premise was within the purview of their target. Defendants gave false information to the criminal court judge to obtain the search warrant.

28. Defendants were deliberately indifferent to the fact that an innocent person might actually live at the subject premises.

29. There was no probable cause for the arrest or the continued incarceration of Plaintiff. Defendants in executing the search warrant also used excessive force against an elderly man and plaintiff suffered a heart-attack and defendants' actions exacerbated plaintiff's pre-existing medical condition.

30. Plaintiff was seized without any cause let alone probable cause and was not free to leave.

31. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from false arrest, unreasonable search and seizure and free from excessive use of force was violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

32. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

34. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

35. Defendants initiated criminal proceedings against the plaintiff and forwarded false information to the DA's office.

36. Defendants knew that even though plaintiff was innocent of the charges, the act of forwarding the information to the DA's office would result in plaintiff being prosecuted.

37. Yet, the defendants failed to retract their papers or inform the DA's office that the contraband was not found anywhere near plaintiff's custody, possession or control and thus prolonging plaintiff's prosecution.

38. All criminal charges lodged against plaintiff were dismissed.

39. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to fair Trial)

40. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

41. Defendants fabricated information that plaintiff was in custody, control or possession of the contraband.

42. As a result of this fabrication, plaintiff was denied a fair hearing at his bail and he was remanded.

43. Defendants' joint and individual conduct deprived plaintiff of the equal protection of the laws because he was targeted because of his color.

44. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Fifth Amendment-Takings Clause)

45. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

46. Defendants were deliberately indifferent when they left the subject premises unsecured.

47. As a result of defendants' actions or inactions, plaintiff's home was burglarized and his property stolen.

48. In addition, defendants destroyed plaintiff's property while purportedly searching for contraband.

49. Defendants' conduct constituted taking because plaintiff was deprived of his property rights without due process and he suffered economic injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Eighth Amendment-Excessive Bail)

50. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51. Defendants trumped up serious charges against plaintiff.

52. When plaintiff was brought before the arraignment judge, the judge took into account the serious nature of the charges.

53. Due to defendants' falsely accusing plaintiff of serious crimes, plaintiff received no bail and was remanded to jail.

54. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring, training and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. Plaintiff's physical and emotional injuries herein were caused by

the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

59. As a result, plaintiff suffered injuries.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. As a result of the foregoing, Plaintiff was subjected to malicious abuse of process by the defendants which led to him to being dragged, detained, and arrested simply for the defendants to cover-up their own misdeeds and in so doing caused plaintiff harm without any excuse or justification.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65. The aforementioned conduct was committed by Defendants

while acting within the scope and furtherance of their employment by Defendant City.

66. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency, was intentional and for the sole purpose of causing severe emotional distress to Plaintiff and shocks the judicial conscience.

67. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

68. As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of five hundred thousand dollars for each and every cause of action or for an amount determined by the jury,

b. Award any statutory damages to the Plaintiff.

c. Award reasonable attorneys fees, cost and expenses,

d. Award punitive damages in an amount to be determined by a jury,

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
October 13, 2016

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*